# EXHIBIT A

10/28/14 @ 2:00pm

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ACACIA PATENT ACQUISITION, LLC, a Delaware Limited Liability Company, and DOES 1 through 50, inclusive

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 2 2 2014

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PROPHET PRODUCTIONS, a New York Corporation

Sherri R. Carter, Executive Officer/Clerk

By Cristina Grijalva, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

CASE NUMBER.
*(Número del Caso)* **BC 5 6 1 4 6 9**

111 North Hill Street

Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Evan Zucker, Kabateck Brown Kellner LLP, 644 S. Figueroa Street, Los Angeles, CA 90017 (213) 217-5000

| DATE:<br>*(Fecha)* | SHERRIR.CARTER | Clerk, by<br>*(Secretario)* | CRISTINA GRUALVA | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

OCT 2 2 2014

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Acacia Patent Acquisition, LLC, a Delaware Limited Liability Company

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☒ other *(specify)*: LLC

4. ☒ by personal delivery on *(date)* 2/28/14

EXHIBIT A, p. 006

Page 1 of 1

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Brian S. Kabateck, SBN 152054
   bsk@kbklawyers.com
2  Evan M. Zucker, SBN 266702
   ez@kbklawyers.com
3  **KABATECK BROWN KELLNER LLP**
   644 South Figueroa Street
4  Los Angeles, California 90017
   Tel:   (213) 217-5000
5  Fax:   (213) 217-5010

6  Attorneys for Plaintiff Prophet Productions, LLC

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 2 2 2014

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF LOS ANGELES**

10  PROPHET PRODUCTIONS, a New York
    Corporation,
11
            Plaintiff,
12
        v.
13
    ACACIA PATENT ACQUISITION, LLC, a
14  Delaware Limited Liability Company, and DOES 1
    through 50, inclusive,
15
16          Defendants.
17

| | |
|---|---|
| **CASE No.:** | **BC 5 6 1 4 6 9** |

**COMPLAINT FOR:**

1.  **BREACH OF CONTRACT;**
2.  **BREACH OF COVENANT OF GOOD FAITH & FAIR DEALING; AND**
3.  **FRAUD**

**JURY TRIAL DEMANDED**

18      Plaintiff Prophet Productions, LLC (hereinafter "Plaintiff" or "Prophet"), makes the following

19  allegations based upon information and belief and brings this action for damages against Defendant

20  Acacia Patent Acquisition, LLC (hereinafter "Defendant" or "APAC") demanding a trial by jury.

21                      **NATURE OF THE ACTION**

22      1.      Plaintiff and Defendant entered into a valid contract whereby Defendant was granted

23  exclusive rights to license and enforce Plaintiff's patents on his behalf.  By the terms of the contract,

24  Plaintiff and Defendant would share in any royalties earned from licensing or any recovery gained

25  from enforcing the patents.

26      2.      Plaintiff subsequently learned that Defendant had licensed Plaintiff's patents to

27  various companies, entities and individuals without informing Plaintiff and without sharing in the

28  royalties on the licenses, breaching the terms of the contract.

1    3.    Plaintiff also learned that Defendant failed to dutifully prosecute various patent

2    infringers, breaching the express terms of the contract as well as the implied covenant of good faith

3    and fair dealing.

4    **JURISDICTION AND VENUE**

5    4.    This Court has jurisdiction over the entire action by virtue of the fact that this is a

6    civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the

7    jurisdictional minimum of the Court. The acts and omissions complained of in this action took place

8    in the State of California, the contract was entered into in California and contains a California choice

9    of venue and choice of law provision, and Defendant resides in the state of California.

10    **PARTIES**

11    5.    Plaintiff Prophet Productions, LLC is, and at all times relevant to this Complaint was,

12    a Limited Liability Company existing under the laws of the state of New York, whose principal

13    place of business is New York, New York.

14    6.    Plaintiff is informed and believes and based thereon alleges that Defendant Acacia

15    Patent Acquisition, LLC is, and at all times relevant to this Complaint was, a limited liability

16    company organized and existing under the laws of the state of Delaware, whose principal place of

17    business is Newport Beach, California.

18    7.    Plaintiff is currently ignorant of the true names and capacities, whether individual,

19    corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1

20    through 50, inclusive, and therefore, sues such defendants by such fictitious names. Plaintiff will

21    amend this complaint to allege the true names and capacities of said fictitiously named defendants

22    when their true names and capacities have been ascertained. Plaintiff is informed and believes and

23    thereon alleges that each of the fictitiously named Doe defendants is legally responsible in some

24    manner for the events and occurrences alleged herein, and for the damages suffered by plaintiff.

25    8.    Plaintiff is informed, believes, and thereon alleges that all defendants, including the

26    fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible

27    agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged

28    herein occurred within the course and scope of said agency, employment, partnership, joint venture,

EXHIBIT A, p. 008

- 2 -

1  conspiracy and/or enterprise, and with the express and/or implied permission, knowledge, consent,

2  authorization and ratification of their co-defendants; however, this allegation is pleaded as an

3  "alternative" theory wherever not doing so would result in a contradiction with other allegations.

4      9.    As an alternative theory, Plaintiff is informed and believes, and on that basis alleges,

5  that Defendants are alter egos of each other. Plaintiff is informed and believes, and on that basis

6  alleges, that there is common control over Defendants, and they operate pursuant to a common

7  business plan. There is unity of interest among defendants.

8      10.    The alternative alter-ego relationship among the defendants should be recognized to

9  prevent an injustice. If the alter-ego relationship among defendants is not recognized, an inequity

10  will result because an entity responsible for wrongdoing will be shielded from liability. The alter

11  ego relationship should be recognized to ensure effective injunctive and declaratory relief, so that the

12  wrongful practices alleged herein are not relocated to an affiliated company. If defendants were

13  permitted to avoid an injunction by relocating the misconduct, an inequity would result.

14  **FACTUAL ALLEGATIONS**

15      11.    Plaintiff is the sole and exclusive owner of U.S. Patents Numbers 1) 6,028,626; 2)

16  5,666,157; and 3) all related patent applications, corresponding foreign patents and foreign patent

17  applicants, and all continuations, continuations in part, divisions, extensions, renewals, reissues and

18  re-examinations relating to all inventions thereof (hereinafter collectively referred to as "the

19  Patents").

20  **The Agreement**

21      12.    On February 29, 2009, Plaintiff and Defendant entered into a valid contract entitled

22  the Exclusive License Agreement (hereinafter "the Agreement").

23      13.    The Agreement granted Defendant with worldwide exclusive license rights to the

24  Patents, including the right to sublicense the Patents and enforce of the Patents.

25      14.    In consideration for these exclusive rights, Defendant agreed to pay Plaintiff fifty

26  percent of the net proceeds from the licensing of the Patents and recovery gained from enforcing the

27  Patents after costs.

28

EXHIBIT A, p. 009

15.     The Agreement requires APAC to use good faith efforts to pursue licensing and enforcement of the Patents.

**Unpaid Royalties**

16.     Pursuant to the Agreement, Defendant is obligated to provide Plaintiff with a report of Total Recoveries.  Total Recoveries is represented by all amounts received by Defendant from the licensing and enforcement of the Patents.

17.     Plaintiff identified numerous companies that infringed the Patents.

18.     Between 2010 and 2012, Defendant licensed all of the patents from all of its inventors and patent owners for which it had exclusive rights (hereinafter the "Patent Portfolio"), including the Patents, to various corporations, business entities and/or individuals including Microsoft, Samsung and Oracle.  Plaintiff is informed and believes the cumulative amount of the licensing deals exceeded $100 million.

19.     Defendant did not inform Plaintiff that it had licensed its Patent Portfolio, including the Patents, to the various entities and individuals including Samsung.  Defendant also did not inform Plaintiff that it had licensed its Patent Portfolio for in excess of $100 million.

20.     In 2013, Plaintiff discovered that Microsoft had been infringing the Patents.  Plaintiff inquired Defendant about enforcing the patent infringement against Microsoft, but Defendant not make any affirmative, reasonable or good faith steps to enforce the patent infringement. Defendant did not inform Plaintiff of the previous licensing deal with Microsoft.

21.     Upon Plaintiff's own investigation, Plaintiff learned that Defendant had licensed its Patent Portfolio to various corporations, including Microsoft, Samsung, Oracle and other entities. After learning of the surreptitious licensing deals, Plaintiff understood why Defendant failed to reasonably pursue infringement activities against Microsoft – because they had already licensed the Patents to Microsoft, among others.

22.     Defendant has not paid Plaintiff any royalties earned from licensing its Patent Portfolio including the Patents.

23.     Upon information and belief Plaintiff alleges that Defendant's conduct of failing to inform its patent owners of licensing deals and failing to pay amounts due as a result of licensing

- 4 -
COMPLAINT

1  deals is part of a policy and practice impacting the proper allocation of income to many of its clients,

2  including Plaintiff.

3  **Unenforced Patent Infringements**

4      24.    In 2006, Plaintiff began making independent investigations into those infringing the

5  Patents and compiled a list of those he believed to be infringing on the Patents.  When Plaintiff

6  entered into the Agreement with Defendant in 2009, Defendant was granted access to this

7  information.  Defendant has since utilized the information to assist in determining which companies

8  against which to pursue enforcement actions.

9      25.    In 2010, Defendant created the subsidiary Criminal Activity Surveillance LLC

10  (hereinafter "CAS") with the intention of assigning the Patents to CAS.  Defendant planned to sue

11  patent infringers through this entity and, indeed, proceeded to do so.

12      26.    However, Defendant failed to properly and timely assign the Patents to CAS.

13      27.    Between 2011 and 2012, Defendant, as CAS, sued eleven companies and sent notice

14  letters of imminent enforcement lawsuits to fifteen other companies for infringing the Patents.

15      28.    In 2013, with three defendants remaining in the case, it was dismissed for lack of

16  standing on the ground that Defendant had failed to properly and timely assign the Patents to CAS.

17  (*Criminal Activity Surveillance, LLC v. ADT Sec. Servs., Inc., et al.*, No. 6:11-cv-494 (E.D. Tex.

18  Mar. 20, 2013).)  Defendant unreasonably and improperly ceased pursuing enforcement against the

19  remaining fifteen companies to which it sent notice letters, other than one.

20      29.    Plaintiff has been damaged as a result of Defendant's actions.

21      30.    Upon information and belief Plaintiff alleges that Defendant's conduct of failing to

22  reasonably and diligently enforce patents is part of a policy and practice impacting the good faith

23  duties applicable to many of its clients.

24  **FIRST CAUSE OF ACTION**

25  **(Breach of Contract)**

26      31.    Plaintiff alleges and incorporates by reference all allegations contained in the

27  preceding paragraphs of this complaint, as though fully set forth herein.

28      32.    Plaintiff and Defendant entered into a valid and enforceable written contract whereby

EXHIBIT A, p. 011

- 5 -

1   Plaintiff granted Defendant exclusive license rights in consideration for royalty payments equal to

2   fifty percent of Net Proceeds Defendant gained from licensing and enforcement of the Patents.

3       33.     A copy of the "Exclusive License Agreement" (hereinafter "Agreement") will be

4   provided to the Court, after entry of an appropriate protective order in order to preserve the agreed to

5   confidentiality of the agreement.

6       34.     Defendant breached the Agreement by failing to provide Plaintiff of any reporting of

7   recovery from licensing its Patent Portfolio gained on the Patents according to the terms set forth in

8   Section 2.3 of the Agreement.

9       35.     Defendant breached the Agreement by not providing Plaintiff with certain royalty

10  payments earned on the Patents pursuant to the terms set forth in Section 2.1 of the Agreement.

11      36.     Defendant additionally breached the express terms of the contract by failing to

12  exercise good faith efforts to pursue licensing and enforcement of the Patents pursuant to Section 5.1

13  of the Agreement.  Defendant has otherwise failed to justify its discretionary election to avoid

14  enforcement because it would be commercially unreasonable or otherwise unlawful or illegal.

15      37.     Plaintiff faithfully performed all obligations due under the contract as required under

16  the terms, except to the extent performance may have been excused.

17      38.     As a direct, proximate, and legal result of Defendant's breach of the Agreement,

18  Plaintiff has been, and continues to be, damaged in an amount in excess of the jurisdictional limits of

19  this Court, including but not limited to the deprivation of royalty payments the loss of benefits due

20  under the contract, consequential damages and other fees and expenses and costs to be proven at

21  trial.

22      39.     Plaintiff has also sustained other economic losses as a direct, proximate, and legal

23  result of Defendant's conduct, in an amount to be proven at trial.

24                          **SECOND CAUSE OF ACTION**

25              **(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

26      40.     Plaintiff alleges and incorporates by reference all allegations contained in the

27  preceding paragraphs of this complaint, as though fully set forth herein.

28      41.     The Agreement entered into between Plaintiff and Defendant was a valid contract and

EXHIBIT A, p. 012

- 6 -

COMPLAINT

1  contained an implied covenant of good faith and fair dealing as well as an express covenant of good

2  faith and fair dealing, whereby Defendant agreed to perform its obligations under the Agreement in

3  good faith, to deal fairly with Plaintiff, and not to unreasonably deprive Plaintiff of the benefits due

4  under the Agreement.

5      42.    Plaintiff faithfully performed all obligations due under the contract as required under

6  the terms, except to the extent performance may have been excused.

7      43.    Plaintiff provided Defendant with exclusive rights to the Patents. In doing so,

8  Plaintiff gave up the right to independently license the Patents to any interested companies.

9      44.    Defendant breached its implied covenant with Plaintiff when it licensed the Patents

10 through the Patent Portfolio without informing Plaintiffs as to the royalties to be earned on them.

11 Instead, Defendant had concealed that Plaintiff was eligible for royalties from the Patent Portfolio

12 licensing deals it made with Microsoft, Samsung, Oracle and other corporations, entities and

13 individuals.

14     45.    Defendant further breached its implied and express covenants of good faith and fair

15 dealing with Plaintiff when it failed to pay Plaintiff the royalties earned on the Patents from licensing

16 its Patent Portfolio. Defendant did so despite knowing that it had gained exclusive rights of the

17 Patents, and Plaintiff had consequently curtailed its ability to license the Patents to other companies.

18     46.    Defendant further breached its implied and express covenants with Plaintiff when it

19 failed to exercise good faith efforts to enforce the Patents when it had the exclusive right to do so.

20 Plaintiff provided Defendant with exclusive rights to seek enforcement of the Patents. Although

21 Plaintiff made independent investigations, found good basis to enforce the Patents' rights against

22 various patent infringers, and provided this information to Defendant, Defendant nevertheless failed

23 to exercise any good faith efforts to enforce these infringements. Further, Defendant severely

24 restricted its pursuit of a second set of lawsuits after the mistake was found and, in bad faith, only

25 pursued enforcement against only one of the intended infringers when there were many others

26 marked as next targets for enforcement and to which infringement notice letters had been sent.

27     47.    Defendant further breached its implied covenant with Plaintiff when it failed to justly

28 exercise its sole discretion to enforce the Patents. The implied covenant of good faith and fair

EXHIBIT A, p. 013

1  dealing attaches a duty on Defendant to exercise that discretionary power in good faith. While

2  Defendant maintained the exclusive right and the sole discretion to enforce the Patents, Defendant

3  exercised its discretionary power against the purpose reasonably contemplated by the parties at the

4  time of agreement.

5       48.    Without reasonable basis for doing so, and with full knowledge and/or conscious

6  disregard of the consequences, Defendant fails and refuses to act in good faith or act fairly toward

7  Plaintiff, and Defendant, in bad faith, fails and refuses to perform its obligations under the Agreement.

8  **THIRD CAUSE OF ACTION**

9  **(Fraud)**

10       49.    Plaintiff alleges and incorporates by reference all allegations contained in the

11  preceding paragraphs of this complaint, as though fully set forth herein.

12       50.    Defendant misrepresented and omitted various facts and made promises to Plaintiff

13  recklessly and with the intent to deceive Plaintiff and with the intent that Plaintiff would rely upon

14  those misrepresentations and omissions by entering into the Agreement.

15       51.    Defendant misrepresented its capabilities and expertise in taking assignment of,

16  licensing and enforcing patents at and around the time Plaintiff and Defendant entered into the

17  Agreement. Defendant also misrepresented its willingness to reasonably and diligently perform

18  these activities. Defendant did not have the capabilities represented and did not reasonably and in

19  good faith perform these activities.

20       52.    Defendant also misrepresented its willingness to share in value received from

21  prospective licensing deals in connection with the Patents. Defendant did not intend to and did not

22  inform Plaintiff of licensing deals involving the Patents. Defendant failed to inform Plaintiff of

23  licensing agreements with various entities and individuals for which Plaintiff would be entitled to

24  benefit.

25       53.    Plaintiff reasonably relied upon Defendant's representations and entered into the

26  Agreement, thereby granting exclusive rights to Defendant for the licensing and enforcement of

27  Plaintiff's patents.

28       54.    Plaintiff has sustained economic losses as a direct, proximate, and legal result of

EXHIBIT A, p. 014

1 | Defendant's conduct, in an amount to be proven at trial, including but not limited to Plaintiff's

2 | ability to license and enforce its patents for reasonable value.

3 |     **WHEREFORE,** Plaintiffs pray for judgment against Defendant, and each of them, as

4 | follows:

5 |     1.     For general, special and consequential damages according to proof;

6 |     2.     For punitive and exemplary damages;

7 |     3.     For restitution and disgorgement;

8 |     4.     For unjust enrichment;

9 |     5.     For attorney's fees and costs incurred, as allowed by law;

10 |     6.     For costs of suit herein;

11 |     7.     For pre-judgment and post judgment interest according to proof;

12 |     8.     For injunctive relief;

13 |     9.     For such other and further relief as the Court deems just and proper.

14 |

15 | DATED: October 10, 2014         **KABATECK BROWN KELLNER LLP**

16 |

17 |         By:

18 |         Evan M. Zucker
        Attorney for Plaintiffs

1

## DEMAND FOR JURY TRIAL

2

Plaintiff demands a trial by jury on all claims so triable.

3

4

DATED:  October 10, 2014

KABATACK BROWN KELLNER LLP

5

6

By:

Evan M. Zucker

7

Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEMAND FOR JURY TRIAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Brian S. Kabateck, SBN 152054; Evan Zucker, SBN 266702
Kabateck Brown Kellner, LLP
644 S. Figueroa Street
Los Angeles, CA 90017

TELEPHONE NO.: 213-217-5000    FAX NO.: 213-217-5010
ATTORNEY FOR *(Name):* ez@kbklawyers.com

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME:
Prophet Productions vs Acacia Patent Acquisitions, LLC

**CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles**

OCT 22 2014

Sherri R. Carter, Executive Officer/Clerk

By Cristina Grijalva, Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited | ☐ Counter  ☐ Joinder | BC 561469 |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☑ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☑ punitive
4. Number of causes of action *(specify):* 3
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 14, 2014

Evan Zucker
_____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

EXHIBIT A, p. 017

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

EXHIBIT A, p. 018

| SHORT TITLE: Prophet Productions vs Acacia Patent Acquisitions, LLC | CASE NUMBER: BC 5 6 1 4 6 9 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES LIMITED CASE? ☐YES   TIME ESTIMATED FOR TRIAL 10 ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

EXHIBIT A - p. 019

LACIV 109 (Rev. 03/11)
LASC Approved 03-04
CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION
Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Prophet Productions vs Acacia Patent Acquisitions, LLC | CASE NUMBER |
| --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☒ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

EXHIBIT A, pg. 020

| SHORT TITLE: Prophet Productions vs Acacia Patent Acquisitions, LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

EXHIBIT A p. 021

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE: Prophet Productions vs Acacia Patent Acquisitions, LLC | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>9880 Vidor Drive |
|---|---|
| CITY: Los Angeles | STATE: CA 90035    ZIP CODE: |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___October 14, 2014___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

EXHIBIT A, p. 022

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)
Case Number _____

**BC 5 6 1 4 6 9**

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below . There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Michael Johnson | 56 | 514 |
| Hon. Terry A. Green | 14 | 300 | Hon Rolf M. Treu | 58 | 516 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Rita Miller | 16 | 306 | Hon. Mark Mooney | 68 | 617 |
| Hon. Richard E. Rico | 17 | 309 | Hon. William F. Fahey | 69 | 621 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Suzanne G. Bruguera | 71 | 729 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Barbara Scheper | 30 | 400 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Mary H. Strobel | 32 | 406 | | | |
| Hon. Michael P. Linfield | 34 | 408 | | | |
| Hon. Gregory Alarcon | 36 | 410 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Frederick C. Shaller | 46 | 500 | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | |
| Hon. Deirdre Hill | 49 | 509 | | | |
| Hon. John L. Segal | 50 | 508 | | | |
| Hon. Mitchell L. Beckloff | 51 | 511 | *Provisionally Complex Non-Class Action Cases | | |
| Hon. Susan Bryant-Deason | 52 | 510 | Assignment is Pending Complex Determination | 324 | CCW |
| Hon. Steven J. Kleifield | 53 | 513 | | | |
| Hon. Ernest M. Hiroshige | 54 | 512 | | | |

*Complex
All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.
Given to the Plaintiff/Cross-Complainant/Attorney of Record on OCT 2 2 2014 SHERRI R. CARTER, Executive Officer/Clerk
By _____ CC _____, Deputy Clerk

LACIV CCH 190 (Rev05/14)
LASC Approved 05-06
For Optional Use
NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE
EXHIBIT A, p. 023
Page 1 of 2

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev05/14)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –
EXHIBIT A, p. 024
UNLIMITED CIVIL CASE

Page 2 of 2

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

EXHIBIT A, p. 025

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:              FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

EXHIBIT A, pr 026

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.    Be filed within two (2) court days of receipt of the Request; and

     iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

   c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

   d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

   e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

STIPULATION – DISCOVERY RESOLUTION
EXHIBIT A, p. 027

Page 2 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____     ➢  _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR PLAINTIFF)

Date:

_____     ➢  _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)

Date:

_____     ➢  _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)

Date:

_____     ➢  _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)

Date:

_____     ➢  (ATTORNEY FOR _____ )
        (TYPE OR PRINT NAME)

Date:

_____     ➢  (ATTORNEY FOR _____ )
        (TYPE OR PRINT NAME)

Date:

_____     ➢  (ATTORNEY FOR _____ )
        (TYPE OR PRINT NAME)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

STIPULATION – DISCOVERY RESOLUTION

EXHIBIT A, p. 028

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

EXHIBIT A, p. 029

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
       (INSERT DATE)                       (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lasuperiorcourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____    ➢  _____
   (TYPE OR PRINT NAME)              (ATTORNEY FOR PLAINTIFF)
Date:

_____    ➢  _____
   (TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)
Date:

_____    ➢  _____
   (TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)
Date:

_____    ➢  _____
   (TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)
Date:

_____    ➢  _____
   (TYPE OR PRINT NAME)             (ATTORNEY FOR _____ )
Date:

_____    ➢  _____
   (TYPE OR PRINT NAME)             (ATTORNEY FOR _____ )
Date:

_____    ➢  _____
   (TYPE OR PRINT NAME)             (ATTORNEY FOR _____ )

EXHIBIT A, p. 030

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

EXHIBIT A, p. 031

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

EXHIBIT A, p. 032

| SHORT TITLE | CASE NUMBER: |
|---|---|
| | |

The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

_____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

EXHIBIT A, p. 033