MARC J. SCHNEIDER, State Bar No. 214609
mschneider@sycr.com
TRAVIS P. BRENNAN, State Bar No. 238119
tbrennan@sycr.com
JESSICA L. MULLEN, State Bar No. 288845
jmullen@sycr.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

Attorneys for Defendant
ACACIA RESEARCH GROUP, LLC,
erroneously named as
ACACIA PATENT ACQUISITION, LLC

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 0 1 2014

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

## LOS ANGELES COUNTY SUPERIOR COURT

## STANLEY MOSK COURTHOUSE

PROPHET PRODUCTIONS, a New York Corporation,

Plaintiff,

vs.

ACACIA PATENT ACQUISITION, LLC, a Delaware Limited Liability Company, and DOES 1 through 50, inclusive,

Defendants.

Case No. BC561469
Hon. Kevin C. Brazile
Dept. 20

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE UNDER CODE OF CIV. PROC. §§ 396B, 397; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR ORDER THAT PLAINTIFF PAY DEFENDANT'S REASONABLE EXPENSES AND ATTORNEY'S FEES IN THE AMOUNT OF $9,515**

*[Filed concurrently with Declaration of Travis P. Brennan]*

Hearing:
Date: March 10, 2014 **[Reserved]**
Time: 1:30 p.m.
Location: Dept. 20

*Complaint Filed: October 22, 2014*
*Trial Date:    None Set*

BY FAX

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

MOTION TO TRANSFER VENUE
LITIOC/2105666v3/101023-0051    EXHIBIT A, p. 034

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 10, 2014 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Department 20 of the Los Angeles Superior Court, Stanley Mosk Courthouse located at 111 North Hill Street, Los Angeles, California 90012, Defendant Acacia Research Group, LLC, erroneously sued as Acacia Patent Acquisition, LLC ("Defendant") will and hereby does move for an order to transfer venue of this action under Code of Civil Procedure sections 396b and 397 on the basis that the court designated in Plaintiff Prophet Productions, LLC's unverified complaint ("Complaint") is not the proper court.

PLEASE TAKE FURTHER NOTICE that this motion includes Defendant's request for an order that Plaintiff pay Defendant's reasonable expenses and attorneys' fees in the amount of $9,515 under Code of Civil Procedure section 396b.

This motion is made on the grounds that Defendant is a resident of Orange County, California, the contract that is the subject of the Complaint was entered into in Orange County, California, and performance was to be made there.

This motion is based upon this notice of motion and motion, the attached memorandum, the concurrently filed declaration of Travis P. Brennan, all other pleadings and records on file in this action, and any other evidence or argument the Court may receive at or before the hearing on this motion.

DATED: December 1, 2014                STRADLING YOCCA CARLSON & RAUTH, P.C.

By: /s/ Marc J. Schneider
Marc J. Schneider
Travis P. Brennan
Jessica Mullen
Attorneys for ACACIA RESEARCH GROUP, LLC, erroneously named as ACACIA PATENT ACQUISITION, LLC

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2105666v3/101023-0051

-1-
MOTION TO TRANSFER VENUE

EXHIBIT A p. 035

# TABLE OF CONTENTS

Page No.

I. INTRODUCTION ...........................................................................................................1

II. RELEVANT FACTS .....................................................................................................1

III. ARGUMENT ..................................................................................................................3

    A. ARG Is Entitled To A Transfer Of Plaintiff's Lawsuit To Orange County—The Only Proper Venue For This Action. ...............................................3

    B. Orange County Is Where ARG Resides, Entered Into The Agreement, And Incurred Obligations Thereunder. ...............................................3

    C. The Parties May Not And Did Not Agree To Another Venue. .......................4

    D. ARG Requests That The Court Transfer This Action To The Superior Court Of Orange County, And That Plaintiff Be Ordered To Pay Reasonable Costs And Attorneys' Fees Incurred By ARG In Making This Motion. ...............................................................................................................5

IV. CONCLUSION ..............................................................................................................6

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

EXHIBIT A p. 036
MOTION TO TRANSFER VENUE
LITIOC/2105666v3/101023-0051

# MEMORANDUM

## I. INTRODUCTION

The Court must transfer this action to the Superior Court in Orange County, California because that is where: (1) Defendant Acacia Research Group, LLC ("ARG")[1] resides; (2) the contractual obligation Plaintiff Prophet Productions, LLC ("Plaintiff") is suing on was incurred; and (3) that contractual obligation was to be performed. This Court simply is "not the proper court." Code Civ. Proc. § 397(a).

Plaintiff's allegation in its unverified complaint ("Complaint") that the contract at issue "contains a California choice of venue and choice of law provision" is incorrect. (Compl. ¶ 4.) The contract, which is attached to the concurrently filed Declaration of Travis P. Brennan but is not attached to Plaintiff's Complaint, contains no provision concerning choice of venue. If it had, such provision would be unenforceable because parties may not contract around venue requirements under California law. Under the contract's "Choice of Laws" provision, the parties agreed that the contract would be governed by federal or California law, and that the parties "irrevocably consent to the exclusive *jurisdiction* of any California state or federal court sitting in the Central District of California, over any suit, action or proceeding arising out of or relating to this Agreement." (Declaration of Travis P. Brennan ("Brennan Decl."), Ex. A § 8.1 (emphasis added).) Venue is not mentioned, and consent to jurisdiction in California does not constitute consent to any particular venue within the state.

ARG has asked Plaintiff to stipulate to transfer this action to Orange County. In the event Plaintiff refuses to so stipulate before Plaintiff's opposition to this motion is due, ARG respectfully requests that the Court order Plaintiff to pay ARG's reasonable expenses and attorneys' fees incurred in making this motion under Code of Civil Procedure section 396b.

## II. RELEVANT FACTS

ARG, a limited liability company, is an unincorporated association. Its sole member, Acacia Research Corporation ("ARC"), is headquartered in Newport Beach, California.

---

[1] Plaintiff's unverified complaint erroneously names Defendant "Acacia Patent Acquisition, LLC." Defendant changed its name to Acacia Research Group LLC on or about January 20, 2011. (Declaration of Travis P. Brennan ¶ 3 & Ex. B.)

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-
EXHIBIT A - 037
MOTION TO TRANSFER VENUE
LITIOC/2105666v3/101023-0051

(Brennan Decl. ¶ 5, Ex. C (Certificate of Conversion, Ex. A Certificate of Formation at 1.) & Ex. D.) Plaintiff is a limited liability company based in New York, New York. (Compl. ¶ 5.)

On or about February 26, 2009, Plaintiff and ARG entered into an agreement entitled Exclusive License Agreement granting ARG the exclusive rights to license and enforce U.S. Patent No(s). 6,028,626 and 5,666,157 (the "Agreement"). (Brennan Decl., Ex. A.) The Agreement contains a "Choice of Laws" provision that provides, in pertinent part, that ARG and Plaintiff "each irrevocably consent to the exclusive jurisdiction of any California state or federal court sitting in the Central District of California, over any suit, action, or proceeding arising out of or relating to this Agreement." (*Id.*, Ex. A § 8.1.) The Agreement identified ARG's "principal place of business" as an address in "Newport Beach, CA" and Plaintiff's "principal place of business" as an address in "New York, NY." (*Id.*, Ex. A p. 1.) ARG entered into the Agreement in Orange County, California and Dooyong Lee, the Executive Vice President, signed the Agreement on ARG's behalf. (*Id.* ¶ 6 & Ex. E.)

On or about October 22, 2014, Plaintiff filed its Complaint in Los Angeles County Superior Court. (*See generally* Compl.) In the Complaint, Plaintiff alleges that the Agreement contains a California choice of venue provision. (*Id.* ¶ 4.) However, the Agreement does not contain any provision concerning choice of venue. (Brennan Decl. ¶ 7.) Rather, the Agreement contains only the above quoted "Choice of Laws" provision which is a *forum* selection clause, consenting to exclusive *jurisdiction* of any state or federal court in the Central District of California. (*Id.*, Ex. A § 8.1.) The Agreement does not, and cannot, decide the proper county in which to hold the trial.

On or about October 28, 2014, ARG was served with Plaintiff's Complaint. (*Id.* ¶ 8.) On or about November 26, 2014, ARG requested that Plaintiff stipulate to transfer venue of this action to Orange County Superior Court—the proper court. (*Id.* ¶ 9 & Ex. F.) ARG is awaiting Plaintiff's response. (*Id.*)

//
//
//

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-
MOTION TO DISMISS
EXHIBIT A p. 038
LITIOC/2105666v3/101023-0051

## III. ARGUMENT

### A. ARG Is Entitled To A Transfer Of Plaintiff's Lawsuit To Orange County—The Only Proper Venue For This Action.

On a timely motion,[2] the court *must* order a transfer of an action "when the court designated in the complaint is not the proper court." Code Civ. Proc. §§ 396b, 397(a); *Foster v. Super. Ct.*, 11 Cal. App. 4th 782, 787 (1992) (the court has a "duty" to transfer the action under such circumstances). The right of a defendant to "have certain actions tried in the county where he resides is remedial in nature and should be liberally construed to the end that a defendant may not be unjustly deprived of that right." *Lyons v. Brunswick-Balke-Collender Co.*, 20 Cal. 2d 579, 582 (1942).

### B. Orange County Is Where ARG Resides, Entered Into The Agreement, And Incurred Obligations Thereunder.

As a general rule, a defendant has a *right* to have an action against it tried in the county where it resides. Code Civ. Proc. § 395(a) ("the superior court in the county where the defendants or some of them reside at the commencement of the action is the proper court for the trial of the action."); *see Brown v. Super Ct.*, 37 Cal. 3d 477, 483 (1984). In an action against an unincorporated association, venue is proper in the county in which any partner or member resides. *Carruth v. Super. Ct.*, 80 Cal. App. 3d 215, 222 (1978); *Juneau Spruce Corp. v. Int'l Longshoremen's & Warehousemen's Union*, 37 Cal. 2d 760, 763-64 (1951).

With respect to contract disputes, Code of Civil Procedure section 395, subdivision (a), provides in pertinent part:

> [I]f a defendant has contracted to perform an obligation in a particular county, the superior court in the county where the obligation is to be performed, where the contract in fact was entered into, or where the defendant or any defendant resides at the commencement of the action is a proper court for the trial of an action founded on that obligation, and the county where the obligation is incurred is the

---

[2] Code of Civil Procedure section 396b provides that a court shall transfer venue to a proper county upon timely motion: "Upon the hearing of the motion the court shall, if it appears that the action or proceeding was not commenced in the proper court, order the action or proceeding transferred to the proper court." The present motion is timely. The Complaint was served on ARG on or about October 28, 2014. (Brennan Decl. ¶ 8.) This motion was filed within thirty (30) days of service thereof. *See* Code Civ. Proc. § 12.

-3-
MOTION TO DISMISS

county where it is to be performed, unless there is a special contract in writing to the contrary.

Hence, "all actions arising on contract shall be tried in the county in which the defendant resides, or in which the contract was made, unless the defendant has contracted specially and in writing as to the county in which his obligation is to be performed, in which event such county is also a proper county for the trial of the action." *Alexander v. Super. Ct.*, 114 Cal. App. 4th 723, 727 (2003) (*quoting Armstrong v. Smith*, 49 Cal. App. 2d 528, 532 (1942)).

As a limited liability company, ARG is an unincorporated association and, therefore, venue is proper in Orange County where its sole member ARC resides. *See Carruth*, 80 Cal. App. 3d at 222; *Juneau Spruce Corp.*, 37 Cal. 2d at 763-64. (Brennan Decl. ¶ 5, Ex. C & D.) Venue is also proper in Orange County because that is where the Agreement, from which Plaintiff's Complaint arises, was made. *See* Code Civ. Proc. § 395(a); *Alexander*, 114 Cal. App. 4th at 727. (Brennan Decl. ¶ 6; *see also* Ex. E.) Venue is further proper in Orange County because the Agreement does not specially provide for ARG's performance elsewhere. *See* Code Civ. Proc. § 395(a); *Alexander*, 114 Cal. App. 4th at 727. (Brennan Decl. ¶ 7.)

As such, Orange County is the only proper venue for Plaintiff's Complaint. *See Armstrong*, 49 Cal. App. 2d at 537 ("The place of performance of the defendant's obligation sued on being implied, and not specially contracted, the county in which the obligation was incurred and the county of the defendant's residence are the only proper counties for the trial of the action.").

C. **The Parties May Not And Did Not Agree To Another Venue.**

The California Code of Civil Procedure limits the counties in which a defendant may be properly sued in California, and parties cannot make other arrangements by prior agreement. *Global Packaging, Inc. v. Super. Ct.*, 196 Cal. App. 4th 1623, 1628 (2011) (citing *Alexander*, 114 Cal. App. 4th at 731 ("[I]t is not for the parties or the courts to set venue. That is the role of the Legislature."); *General Acceptance Corp. v. Robinson*, 207 Cal. 285, 288 (1929)).

//
//
//

-4-
MOTION TO DISMISS
EXHIBIT A - p. 040
LITIOC/2105666v3/101023-0051
STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1   Even if the parties could have chosen their venue (which they cannot), contrary to Plaintiff's contention, the Agreement does not contain a venue selection clause. The Agreement's choice of laws provision, consenting to the jurisdiction of any California state or federal court sitting in the Central District of California, is a forum selection clause, not a venue selection clause. *See Alexander*, 114 Cal. App. 4th at 727 (distinguishing forum selection clause which "chooses a court from among different states or nations" from venue selection, which is "purely an intrastate issue, involving the selection of a county in which to hold the trial."); *Olinick v. BMG Entertainment*, 138 Cal. App. 4th 1286, 1291, n. 4 (2006) (same); *see also Milliken v. Gray*, 276 Cal. App. 2d 595, 600 (1969) ("'Venue' or 'place of trial' refers to the place from which the jury is summoned. 'Place of trial' does not refer to the judge or the particular trial court (justice, municipal, or superior) which has 'jurisdiction' over the subject matter of the action. 'Jurisdiction' refers to the power to decide a case on the merits.").

Thus, while the parties consented "to the exclusive jurisdiction of any California state or federal court sitting in the Central District of California," the only venue within the Central District of California that is proper is Orange County Superior Court.

### D. ARG Requests That The Court Transfer This Action To The Superior Court Of Orange County, And That Plaintiff Be Ordered To Pay Reasonable Costs And Attorneys' Fees Incurred By ARG In Making This Motion.

The Court, in connection with a motion to transfer venue, may order payment to the prevailing party of reasonable attorneys' fees and costs incurred in making a motion to change venue. *See* Code Civ. Proc. § 396b(b). ARG has incurred, or will incur, $9,515.00 in attorneys' fees in bringing and arguing this motion to transfer venue to Orange County. (*See* Brennan Decl. ¶ 10 & 11.) ARG respectfully request that the Court order Plaintiff to pay ARG those reasonable attorneys' fees and expenses it has incurred in bringing this motion in the event Plaintiff refuses ARG's request to stipulate to transfer venue to Orange County.

//
//
//

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-
MOTION TO DISMISS
EXHIBIT A, p. 041
LITIOC/2105666v3/101023-0051

## IV. CONCLUSION

For the foregoing reasons, ARG respectfully requests that the Court order transfer of this action to Orange County Superior Court, and that the Court award ARG $9,515.00 in expenses and attorneys' fees in the event Plaintiff does not stipulate to such transfer before Plaintiff's opposition to this motion is due.

DATED: December 1, 2014

STRADLING YOCCA CARLSON & RAUTH, P.C.

By: *[signature]*
Marc J. Schneider
Travis P. Brennan
Jessica L. Mullen
Attorneys for ACACIA RESEARCH GROUP, LLC, erroneously named as
ACACIA PATENT ACQUISITION, LLC

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-
EXHIBIT A, p. 042
MOTION TO DISMISS
LITIOC/2105666v3/101023-0051

## PROOF OF SERVICE

STATE OF CALIFORNIA   )
                      ) ss
COUNTY OF ORANGE      )

I am employed by Stradling Yocca Carlson & Rauth in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 660 Newport Center Drive, Suite 1600, Newport Beach, CA 92660-6422. On December 1, 2014, I served the within document(s): **DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE UNDER CODE OF CIV. PROC. §§ 396B, 397; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR ORDER THAT PLAINTIFF PAY DEFENDANT'S REASONABLE EXPENSES AND ATTORNEY'S FEES IN THE AMOUNT OF $9,515**

| [X] | **By United States mail.** I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I enclosed the above-referenced document(s) in a sealed envelope or package addressed to the person(s) at the address(es) as set forth below, and following ordinary business practices I placed the package for collection and mailing on the date and at the place of business set forth above. |
|---|---|
| | **By overnight delivery.** I enclosed the above-referenced document(s) in an envelope or package designated by an overnight delivery carrier with delivery fees paid or provided for and addressed to the person(s) at the address(es) listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| | **By electronic service.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the above-referenced document(s) to be sent to the person(s) at the electronic address(es) listed below. |

| Brian S. Kabateck, Esq.<br>Evan M. Zucker, Esq.<br>KABATECK BROWN KELLNER LLP<br>644 South Figueroa Street<br>Los Angeles, CA 90017<br>Telephone: (213) 217-5000<br>Facsimile: (213) 217-5010<br>Email: bsk@kbklawyers.com<br>Email: ez@kbklawyers.com | Attorneys for Plaintiff PROPHET PRODUCTIONS |
|---|---|

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 1, 2014, at Newport Beach, California.

*/s/ Alicia Chavez Elam*
Alicia Chavez Elam

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-
PROOF OF SERVICE

EXHIBIT A p. 043

LITIOC/2105666v3/101023-0051