1  MARC J. SCHNEIDER, State Bar No. 214609
     mschneider@sycr.com
2  TRAVIS P. BRENNAN, State Bar No. 238119
     tbrennan@sycr.com
3  JESSICA L. MULLEN, State Bar No. 288845
     jmullen@sycr.com
4  STRADLING YOCCA CARLSON & RAUTH, P.C.
   660 Newport Center Drive, Suite 1600
5  Newport Beach, CA 92660-6422
   Telephone: (949) 725-4000
6  Facsimile: (949) 725-4100

7  Attorneys for Defendant
   ACACIA RESEARCH GROUP, LLC,
8  erroneously named as
   ACACIA PATENT ACQUISITION, LLC

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 21 2015

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

## LOS ANGELES COUNTY SUPERIOR COURT

## STANLEY MOSK COURTHOUSE

| | |
|---|---|
| PROPHET PRODUCTIONS, a New York Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACACIA PATENT ACQUISITION, LLC, a Delaware Limited Liability Company, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. BC561469<br>Hon. Dalila C. Lyons<br>Dept. 20<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**<br><br>*Complaint Filed: October 22, 2014*<br>*Am. Complaint Filed: September 11, 2015*<br>*Trial Date: May 23, 2016* |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

ANSWER TO FIRST AMENDED COMPLAINT

LITIOC/2105664v2/101023-0051

EXHIBIT A, p. 434

Defendant Acacia Research Group, LLC ("Defendant") responds to the unverified First Amended Complaint ("Complaint") filed by Plaintiff Prophet Productions ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation of the Complaint and further denies that Plaintiff is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

1. Pursuant to Code of Civil Procedure § 430.10(e), the Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

**(Waiver)**

2. The Complaint, and each cause of action contained therein, is barred, in whole or in part, by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

**(Estoppel)**

3. The Complaint, and each cause of action contained therein, is barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

**(Release)**

4. The Complaint, and each cause of action contained therein, is barred, in whole or in part, due to Plaintiff's release of Defendant.

Stradling Yocca Carlson & Rauth
Lawyers
Newport Beach

-1-

ANSWER TO FIRST AMENDED COMPLAINT
EXHIBIT A, p. 435
LITIOC/2105664v2/101023-0051

## FIFTH AFFIRMATIVE DEFENSE

### (Performance)

5. The Complaint, and each cause of action contained therein, is barred, in whole or in part, due to Defendant's substantial performance of its obligations owed to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

6. The Complaint, and each cause of action contained therein, is barred, in whole or in part, due to an accord and satisfaction between Plaintiff and Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Excuse)

7. The Complaint, and each cause of action contained therein, is barred, in whole or in part, on the grounds that Plaintiff has expressly, impliedly, or by operation of law excused Defendant from any and all obligations relating to any and all causes of action alleged.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

8. The Complaint, and each cause of action contained therein, is barred, in whole or in part, due to Plaintiff's failure to mitigate its claimed damages.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

9. The Complaint, and each cause of action contained therein, is barred, in whole or in part, due to the limitations periods established under Code of Civil Procedure §§ 337 or 338(d).

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

10. The Complaint, and each cause of action contained therein, is barred, in whole or in part, by the doctrine of laches.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-

ANSWER TO FIRST AMENDED COMPLAINT

LITIOC/2105664v2/101023-0051

EXHIBIT A, p. 436

## ELEVENTH AFFIRMATIVE DEFENSE

### (Economic Loss Doctrine)

11. The Complaint, and each cause of action contained therein, is barred, in whole or in part, by the economic loss doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Damages)

12. The Complaint, and each cause of action contained therein, is barred, in whole or in part, because Defendant's alleged conduct has not caused any cognizable damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Special or Consequential Damages Unrecoverable)

13. The Complaint, an each cause of action contained therein, is barred, in whole or in part, because its request for special and consequential damages in its prayer for relief is not authorized by law and is contrary to the written agreement between the parties that is the basis for the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Punitive or Exemplary Damages Unrecoverable)

14. The Complaint, an each cause of action contained therein, is barred, in whole or in part, because its request for punitive and exemplary damages in its prayer for relief is not authorized by law and is contrary to the written agreement between the parties that is the basis for the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Attorney's Fees Unrecoverable)

15. The Complaint, an each cause of action contained therein, is barred, in whole or in part, because its request for attorney's fees in its prayer for relief is not authorized by law and is contrary to the written agreement between the parties that is the basis for the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Frivolous Action)

16. Defendant alleges, on information and belief, that the Complaint, and each cause

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-

ANSWER TO FIRST AMENDED COMPLAINT

LITIOC/2105664v2/101023-0051

EXHIBIT A, p. 437

1  of action contained therein, is barred, in whole or in part, on the grounds that Plaintiff's filing or
2  prosecution of the Complaint constitutes a frivolous action within the purview of Code of Civil
3  Procedure §§ 128.5 and 128.7.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Reservation of Rights to Assert Additional Defenses)**

17.  The allegations in the Complaint are uncertain, ambiguous, or unintelligible. Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable defenses as they may become available or apparent during discovery proceedings.  Defendant further reserves the right to amend this answer and affirmative defenses accordingly and to delete affirmative defenses that it determines through the course of subsequent discovery are not applicable.

### **PRAYER**

WHEREFORE, Defendant prays as follows:

A.  That Plaintiff takes nothing;

B.  That the Complaint be dismissed with prejudice;

C.  That Defendant be awarded its costs of suit, including reasonable attorney's fees as authorized by law under Code of Civil Procedure §§ 128.5 or 128.7 or otherwise; and

D.  That Defendant be awarded such other, further and different relief as this Court deems just and proper.

DATED: October 21, 2015           STRADLING YOCCA CARLSON & RAUTH, P.C.

By: _____
Travis P. Brennan
Attorneys for ACACIA RESEARCH GROUP, LLC, erroneously named as
ACACIA PATENT ACQUISITION, LLC

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

ANSWER TO FIRST AMENDED COMPLAINT

LITIOC/2105664v2/101023-0051

EXHIBIT A, p. 438

# PROOF OF SERVICE

STATE OF CALIFORNIA  )
                     ) ss
COUNTY OF ORANGE     )

I am employed by Stradling Yocca Carlson & Rauth in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 660 Newport Center Drive, Suite 1600, Newport Beach, CA 92660-6422. On October 21, 2015, I served the within document(s): **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**

|   |   |
|---|---|
| ☐ | **By United States mail.** I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I enclosed the above-referenced document(s) in a sealed envelope or package addressed to the person(s) at the address(es) as set forth below, and following ordinary business practices I placed the package for collection and mailing on the date and at the place of business set forth above. |
| ☒ | **By electronic service.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the above-referenced document(s) to be sent to the person(s) at the electronic address(es) listed below. |

| | |
|---|---|
| Brian S. Kabateck, Esq.<br>Joshua H. Haffner, Esq.<br>Levi Plesset, Esq.<br>KABATECK BROWN KELLNER LLP<br>644 South Figueroa Street<br>Los Angeles, CA 90017<br>Telephone: (213) 217-5000<br>Facsimile: (213) 217-5010<br>Email: bsk@kbklawyers.com<br>Email: jhh@kbklawyers.com<br>Email: lp@kbklawyers.com<br>cc: Maisha McCracy (mm@kbklawyers.com) | Attorneys for Plaintiff PROPHET PRODUCTIONS |

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 21, 2015, at Newport Beach, California.

_____
Jojo Graziano

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-

PROOF OF SERVICE

LITIOC/2105664v2/101023-0051

EXHIBIT A, p. 439