REMAND/JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 16-659-GW(AFMx) | Date | March 31, 2016 |
| Title | Prophet Productions, LLC v. Acacia Research Group, LLC | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

    Justin Spearman           Travis P. Brennan
    Brian S. Kabateck

**PROCEEDINGS:**      **PLAINTIFF'S MOTION TO REMAND TO LOS ANGELES SUPERIOR COURT [8]**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Plaintiff Prophet Productions' motion is GRANTED. The above-entitled action is remanded to state court (BC561469).

 

                                                                                                                                :     12

Initials of Preparer    JG

***Prophet Prods. v. Acacia Patent Acquisition, LLC***, Case No. CV 16-659 GW (AFMx)
Tentative Ruling on Motion to Remand to Los Angeles Superior Court

Plaintiff Prophet Productions ("Plaintiff") moves to remand this matter to the Superior Court for the County of Los Angeles, arguing that this Court does not have subject matter jurisdiction over this action and that removal was not timely effected.[1]

As the party asserting federal jurisdiction, defendant Acacia Research Group, LLC ("Defendant") bears the burden of demonstrating jurisdictional facts. *See Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). It asserts only that the Court has federal question-based subject matter jurisdiction over this action. Despite the First Amended Complaint ("FAC"), *see* Docket No. 1-27, presenting only claims based upon state law, Defendant's theory is that the Court has jurisdiction by way of its jurisdiction over patent matters. As a result, the Supreme Court's opinion in *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988), is implicated.

*Christianson* ruled that federal jurisdiction pursuant to 28 U.S.C. § 1338(a)[2] "extend[s] only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Id.* at 808-09. As in *Christianson*, federal patent law does not create Plaintiff's claims here. In order for this case to "arise under" federal law within the meaning of section 1338(a), therefore, one or more of Plaintiff's state-law claims must "necessarily depend[] on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one

---

[1] The Court grants Defendant Acacia Research Group, LLC's *ex parte* request to file a Sur-Reply brief to the extent that brief addresses Plaintiff's arguments concerning discovery it provided to Defendant in May 2015, but not to the extent that it offers further argument based on the decision in *Alexsam, Inc. v. Green DOT Corp.*, No. 2:15-cv-05742-CAS (PLAx), 2015 U.S. Dist. LEXIS 134689 (C.D. Cal. Sept. 28, 2015). The Court denies Plaintiff's request – made in response to that *ex parte* application – to file a Sur-Sur-Reply brief. The additional argument the Court has allowed has not affected the Court's analysis.

[2] Section 1338(a) provides, in pertinent part, as follows: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . . No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents . . . ." 28 U.S.C. § 1338(a).

of the well-pleaded claims." *Id.*; *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002); *Duncan v. Stuetzle*, 76 F.3d 1480, 1486 (9th Cir. 1996) ("Stated another way, if a single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was proper.").

"Under the well-pleaded complaint rule, as appropriately adapted to § 1338(a), whether a claim 'arises under' patent law 'must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration." *Christianson*, 486 U.S. at 809 (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)). "[A] claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to *each* of those theories." *Id.* at 810 (emphasis added); *see also id.* at 811 ("[J]ust because an element that is essential to a particular theory might be governed by federal patent law does not mean that the entire monopolization claim 'arises under' patent law."). In other words, "[i]f 'on the face of a well-pleaded complaint there are...reasons completely unrelated to the provisions and purposes of [the patent laws] why the [plaintiff] may or may not be entitled to the relief it seeks,' then the claim does not 'arise under' those laws." *Id.* at 810 (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 26 & n.29 (1983)). However, "merely because a claim makes no reference to federal patent law does not necessarily mean the claim does not 'arise under' patent law." *Id.* at 809 n.3.

Here, as alleged in the FAC, one of the alternative theories upon which Plaintiff's claims can be resolved involves Defendant's *licensing* of Plaintiff's patents to third parties *without remuneration*. *See* FAC ¶¶ 1-3, 14-15, 17, 19-20, 22-24, 32-33, 35-37, 39, 41, 44-46, 53, 56-57, 59, 61-64. Indeed, by Defendant's own admission, the agreement between Plaintiff and Defendant included licensing rights and obligations. *See* Docket No. 15, at 3:16-24, 4:3-6. This is quite apart from those allegations in the FAC involving Defendant's failure to pursue *infringement* contentions or *enforcement* litigation on Plaintiff's behalf, another subject of the parties' agreement. Thus, a demonstration of infringement would *not* be necessary or essential for Plaintiff to prevail on its claims under that licensing-related theory. Instead, the question is simply did they

2

or did they not license without remuneration?

Defendant has explained its removal via its focus on the fact that, in January 2016, Plaintiff identified, in response to certain interrogatories, particular third parties that it believed had actually infringed Plaintiff's patents. While that may be so, those responses did not in any way indicate that this – proof of patent infringement – was the *only* way Plaintiff could prevail on its state-law claims such that those claims would "necessarily depend" on a substantial question of federal patent law or that patent law was "essential" to each of its theories of recovery. *See Christianson*, 486 U.S. at 808-10.[3]

Defendant has not cited the Court to any case which is, in this regard, like this one, and that found removal proper. *U.S. Valves, Inc. v. Dray*, 212 F.3d 1368 (Fed. Cir. 2000), found removal proper because the plaintiff there had to show that the defendant sold valves that were covered by the licensed patents. *See id.* at 1372. Similarly, in *Alexsam, Inc. v. Green DOT Corp.*, No. 2:15-cv-05742-CAS (PLAx), 2015 U.S. Dist. LEXIS 134689 (C.D. Cal. Sept. 28, 2015), the district court was required to interpret patents to determine if products infringed them in order to assess the breach of contract claim. *See id.* at *9. Even were the Court to consider *Kohl's Department Stores, Inc. v. Escalate, Inc.*, No. 13-C-1113, 2014 U.S. Dist. LEXIS 43527 (E.D. Wis. Mar. 28, 2014), *but see* Footnote 1, *supra*, that case involved claims for equitable indemnity and contribution, necessarily requiring resolution of the patent infringement contentions raised in an already-settled third-party lawsuit against the plaintiff. *See id.* at *8-10.

For the reasons set forth above, the Court cannot conclude that subject matter jurisdiction is appropriate here under the *Christianson* standard. There is no reason, therefore, to address Plaintiff's argument that there was a procedural defect in Defendant's removal because, according to Plaintiff, the removal occurred outside the allowable 30-day window. However, were the Court forced to address it for purposes of

---

[3] Unless the Court misunderstands Defendant's position, it appears to be as follows: in a September 2015 meet-and-confer discussion, Plaintiff's counsel indicated (according to Defendant's characterization) that an infringement contention was – consistent with Plaintiff's allegations in the Complaint and FAC – *not* necessary to Plaintiff's causes of action and claims for damages, but when later asked, via interrogatory, for infringement-related evidence, Plaintiff actually offered such evidence, along with specifications regarding whom it believed had infringed its patents. *See, e.g.*, Notice of Removal ¶¶ 2, 4-5. The problem with this approach is that the interrogatories did not ask whether – and Plaintiff's responses did not suggest that – these infringement contentions were necessary to Plaintiff's claims in this case. In other words, all Plaintiff appears to have offered was evidence related to *one* of its potential theories in this case.

3

assessing the possibility of a fee award under 28 U.S.C. § 1447(c), it would note that Defendant based its removal not on the face of the Complaint (or the FAC), but on Plaintiff's representations in its discovery responses, and that removal occurred within 30 days of the particular responses Defendant identified. While, in light of *Christianson*, the Court does not find those discovery responses sufficient to demonstrate a basis for federal subject matter jurisdiction, it does not necessarily find that the *timing* of Defendant's removal was so plainly inappropriate as to provide a basis for fees. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."); *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). This is especially so considering Plaintiff's prior representations concerning any infringement contentions.

However, it is a closer question whether a fee award is appropriate here because of Defendant's failure to explain why Plaintiff's licensing-related allegations do not make it clear that any infringement contentions Plaintiff *also* made were not *necessary* to the success of their claims. It is perhaps this issue that the parties should focus upon at oral argument. Plaintiff requests $3,000 in fees.